UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAIAH T. CRISS,

                Petitioner,

v.                                                  9:19-CV-0469
                                                  (MAD/ATB)

PEOPLE OF THE STATE OF NEW YORK,

                Respondent.[1]

---

APPEARANCES:                                       OF COUNSEL:

ISAIAH T. CRISS
Petitioner pro se
14-B-1630
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Isaiah Criss filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[2] The following day, the Western District received petitioner's statutory filing fee. Dkt. Entry for 3/15/19 (identifying receipt number for

---

[1] Petitioner named the "People of the State of New York" as respondent. Pet. at 1, 3. The proper respondent, however, is Raymond Coveny. the superintendent of the facility in which he is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). In light of this technical error, the Clerk is directed to terminate the named respondent and substitute the proper superintendent.

[2] This action was originally filed in the Western District of New York ("Western District"). Dkt. No. 2, Transfer Order.

transaction). Upon initial review, the petition was transferred to this Court. Dkt. No. 2, Transfer Order; Dkt. No. 3.

For the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein within thirty (30) days.

## II. THE PETITION

Petitioner challenges a 2014 judgment of conviction in Broome County, upon a jury verdict, of second degree murder and second degree criminal possession of a weapon. Pet. at 1-4; *People v. Criss*, 151 A.D.3d 1275, 1275 (3rd Dep't 2017).[3] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment and, on October 20, 2017, the New York Court of Appeals denied leave to appeal. Pet. at 2, 4; *Criss*, 151 A.D.3d at 1281, *lv. denied*, 30 N.Y.3d 979 (2017).

Sometime thereafter, petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440. Pet. at 6. In his motion, petitioner argued that "[t]he ineffective performance of trial counsel deprived [him] of [his] Due Process rights to a fair trial and Sixth amendment right to the effective assistance of counsel." *Id.* Petitioner failed to indicate when the motion was filed or when the state court rendered its decision; however, petitioner did state that the motion was denied. *Id.*

Petitioner contends that he is entitled to federal habeas relief because (1) his trial counsel was constitutionally ineffective (Pet. at 9-11); (2) the trial court erred in denying petitioner's motion to suppress witness identification testimony (*id.* at 12-14); and (3) legally insufficient evidence supported petitioner's conviction and said conviction was also against

---

[3] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

the weight of the evidence (*id.* at 15-17). For a complete statement of petitioner's claims, reference is made to the petition.

## IV. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[4]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not

---

[4] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner indicates in his petition, his conviction was affirmed by the Court of Appeals on October 20, 2017. *Criss*, 30 N.Y.3d at 979. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on January 25, 2018, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until January 25, 2019, to file a timely federal habeas petition. The present petition,

signed on February 19, 2019, is approximately twenty-five days too late.[5]

It appears that, pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling applies for the time that petitioner's 440 motion was being litigated. Pet. at 6. However, petitioner fails to indicate when he initially filed his 440 motion or when the court rendered its decision. Depending on when the 440 action was commenced and its duration, petitioner's present action may or may not be untimely. Given the present information, it is impossible to tell.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**V. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk is respectfully requested to terminate the named respondent and substitute the proper superintendent; and it is further,

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should

---

[5] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.  If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

    **ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

    **ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further

    **ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: April 24, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge