UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISAIAH T. CRISS,

                    Petitioner,

     v.                                                 9:19-CV-0469
                                                            (MAD/ATB)

RAYMOND COVENY, Superintendent, Elmira
Correctional Facility,

                    Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

ISAIAH T. CRISS
Petitioner pro se
14-B-1630
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner Isaiah Criss filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. Dkt. No. 1, Petition ("Pet.").[1] The following day, the Western District received

petitioner's statutory filing fee. Dkt. Entry for 3/15/19 (identifying receipt number for

transaction). Upon initial review, the petition was transferred to this Court. Dkt. No. 2,

Transfer Order; Dkt. No. 3.

On April 24, 2019, this Court ordered petitioner to file a written affirmation explaining

---

[1] This action was originally filed in the Western District of New York ("Western District"). Dkt. No. 2, Transfer Order.

why the statute of limitations should not bar his petition. Dkt. No. 4, Decision and Order dated 4/24/19 ("April Order"). On May 24, 2019, in compliance with the April Order, the petitioner filed said affirmation. Dkt. No. 5, Affirmation ("Aff."). Attached thereto was a copy of the county court's decision and order denying petitioner's motion to vacate his conviction. Dkt. No. 5-1.[2] In addition to explaining why his petition should not be dismissed, petitioner also requested that his petition either be stayed pending completion of his state court proceedings or the Court advise as to another action which it deemed more appropriate. Aff. at 2.

For the reasons that follow, petitioner's request to stay the petition is denied and the petition is dismissed without prejudice to refiling once petitioner has exhausted his claims in state court.

## II. THE PETITION

Petitioner challenges a 2014 judgment of conviction in Broome County, upon a jury verdict, of second degree murder and second degree criminal possession of a weapon. Pet. at 1-4; *People v. Criss*, 151 A.D.3d 1275, 1275 (3rd Dep't 2017).[3] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment and, on October 20, 2017, the New York Court of Appeals denied leave to appeal. Pet. at 2, 4; *Criss*, 151 A.D.3d at 1281, *lv. denied*, 30 N.Y.3d 979 (2017).

On September 2, 2018, petitioner filed a motion to vacate his judgment pursuant to

---

[2] Petitioner filed two copies of his affidavit and related court decision; accordingly, the pages at Dkt. No. 5-1 at 8 through 16 are identical to those filed in Dkt. Nos. 5 and 5-1 at 1-7. For the sake of efficiency, the Court will only cite to the first set of documents.

[3] Citations to the petitioner's' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

New York Criminal Procedure Law § 440. Pet. at 6; Dkt. No. 5-1 at 1. In his motion, petitioner argued that "[t]he ineffective performance of trial counsel deprived [him] of [his] Due Process rights to a fair trial and Sixth amendment right to the effective assistance of counsel." Pet. at 6; Dkt. No. 5-1 at 4. On January 17, 2019, petitioner's motion was denied because the claims were all part of the record and had been adequately raised and addressed during the course of petitioner's direct appeal. Dkt. No. 5-1 at 5-6. Petitioner appealed the decision to the Third Department. Aff. at 1-2.

Petitioner contends that he is entitled to federal habeas relief because (1) his trial counsel was constitutionally ineffective (Pet. at 9-11); (2) the trial court erred in denying petitioner's motion to suppress witness identification testimony (*id.* at 12-14); and (3) legally insufficient evidence supported petitioner's conviction and said conviction was also against the weight of the evidence (*id.* at 15-17). For a complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court

3

prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted his state court remedies because petitioner asserts that his properly filed 440 motion is currently pending on appeal. Aff. at 1-2. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing an appeal of the decision denying his collateral 440 motion. Aff. at 1-2. It is not

futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Petitioner's affidavit admits that his claims are unexhausted and that his present petition is premature. Aff. at 2. Petitioner seeks either to stay the present petition or defer to what "this court deems appropriate at this time." *Id.* Petitioner's request that this action be stayed, and his petition held in abeyance, is denied. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner contends that his petition was not completely filled out because he is (1) a layman; (2) doing is best; and (3) relying on assistance from others to properly complete his petition. Aff. at 1. Despite

5

petitioner's assertions to the contrary, petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or various collateral attacks. Moreover, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf. Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Further, petitioner's professed ignorance of the law and legal process is insufficient to constitute an objective factor responsible for his failure to previously exhaust. "District courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *5 (E.D.N.Y. Feb. 11, 2019) (internal quotation marks and citations omitted). Moreover, petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .").

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[4]

In this case, as petitioner indicates in his petition, his conviction was affirmed by the Court of Appeals on October 20, 2017. *Criss*, 30 N.Y.3d at 979. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on January 25, 2018, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until January 25, 2019, to file a timely federal habeas petition. The present petition,

---

[4] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

7

signed on February 19, 2019, is approximately twenty-five days too late.[5]

However, pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling applies for the time that petitioner's 440 motion was being litigated. Pet. at 6, Aff. at 2; *see also* Dkt. No. 5-1. Petitioner filed his 440 motion on September 2, 2018, after 220 days of the statute of limitations had run. Petitioner indicates that his appeal of this properly filed motion is still pending; accordingly, statutory tolling will continue to apply until the proceedings have concluded. At that point, petitioner will then have another 145 days within which to timely file his present petition. Therefore, petitioner should promptly re-file his petition when he has completed exhausting his claims in state court, as he appears to have adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[6]

---

[5] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

[6] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

8

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's request to stay the petition (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[7] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: May 29, 2019
        Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).